IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIRAJ NEUPANE, <br> A#213-232-210, <br><br> Petitioner, <br><br> V. <br><br> WILLIAM BARR, ET AL., <br><br> Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:20-cv-3199-L-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Biraj Neupane, at the time detained in this district by immigration officials pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his ongoing detention. *See* Dkt. Nos. 3, 8, & 9. The Court then referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

After Neupane paid the filing fee, the Court served his petition on the United States Attorney for this district, requiring a response by February 1, 2021. *See* Dkt. No. 11. That office responded on December 4, 2020, requesting

> that that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate because after Neupane filed the underlying petition, ICE released him on supervision on December 3, 2020. Given that Neupane has been released on supervision, he is no longer in ICE custody. He has received all the relief that he requested and to which he would be entitled if successful in his petition, so there is no further relief that the Court may award. Accordingly, the Court should dismiss the habeas petition for lack of jurisdiction as moot.

Dkt. No. 13 at 1 (citations omitted); *see id.* at 4 (Notice of Custody Determination made "to comply with requirements of" *Fraihat v. U.S. Immigration and Customs Enforcement*, 445 F. Supp. 3d 709 (C.D. Cal. 2020), indicating that Neupane has a chronic condition of hypertension).[1]

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), then *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Neupane's release on supervision appears to be such an event in the context of

---

[1] *See also Barbosa v. Barr*, ___ F. Supp. 3d ____, No. 1:20-cv-248-H, 2020 WL 7040091, at *5 (N.D. Tex. Nov. 24, 2020) (in *Fraihat*, "the district court provisionally certified a class of higher risk immigration detainees" and "required the defendants to identify high-risk detainees and to conduct individualized custody determinations on a case-by-case basis").

this habeas action. *See, e.g.*, *Uzahodjaev v. Lowe*, No. 1:16-CV-2006, 2017 WL 3394400, at *2 (M.D. Pa. Aug. 8, 2017) ("According to information provided to the Court by Respondent, Petitioner was released from custody on July 26, 2017. Since Petitioner was recently released from detention, … his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy." (citations omitted)).[2]

### Recommendation and Direction to Clerk of Court

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. To facilitate that requirement, the undersigned DIRECTS the Clerk of Court to serve a copy of these findings, conclusions, and recommendation on Neupane at the home address that the government provides for him. *See* Dkt. No. 13 at 6.

And any party who objects to any part of these findings, conclusions, and

---

[2] *But cf. Farez-Espinoza v. Napolitano*, No. 08 Civ 11060(HB), 2009 WL 1118098, at *5-*6 (S.D.N.Y. Apr. 27, 2009) ("Although the Government in this case appears almost to argue that there is all but a categorical rule rendering *habeas corpus* petitions moot when the prisoner is released, to the contrary, numerous cases have acknowledged that, even where a prisoner's release would otherwise render a petition moot, the inquiry nonetheless is subject to potentially applicable exceptions to the mootness doctrine. … The Government cites to a litany of cases from jurisdictions across the country in which courts have found that the release of a prisoner who challenged only the length of his or her custody mooted the prisoner's *habeas* petition. To be sure, in the appropriate case, the conclusion that a petition is moot may indeed be correct. Yet, courts have also found opportunity to apply the mootness exceptions to reach the conclusion that a *habeas* petition is not moot merely because the prisoner had been released." (collecting cases)).

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE